UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ANTHONY SPIGNER,<br><br>　　　　Plaintiff,<br><br>v.<br><br>UNITED REVENUE CORPORATION,<br><br>　　　　Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 5:20-cv-01236<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes ANTHONY SPIGNER ("Plaintiff"), by and through his attorneys, Consumer Law Partners, LLC, complaining as to the conduct of UNITED REVENUE CORPORATION ("Defendant"), as follows:

### NATURE OF THE ACTION

1.　Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.* and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2.　This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C § 1692, 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant transacts business within the Western District of Texas and the events and/or omissions giving rise to the claims made in this Complaint occurred within the Western District of Texas.

**PARTIES**

4. Plaintiff is a consumer over 18-years-of-age residing in San Antonio, Texas, which is located within the Western District of Texas.

5. Defendant boasts that it "maintains a position on the cutting edge of technological advances in the collection industry with emphasis on practical solutions for [its] clients."[1] Defendant is a third-party debt collector organized under the laws of the State of Texas, with its registered agent – Guy Davis, located at 204 Billings Street, Suite 120, Arlington, Texas 76010. Defendant collects from consumers nationwide, including those in the state of Texas.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

7. The instant action arises out of the nature of Defendant's attempts to collect upon a medical bill ("subject debt") that Plaintiff purportedly defaulted upon.

8. Upon information and belief, after the subject debt was purportedly in default, the subject debt was assigned to Defendant for collection purposes.

9. On or about October 13, 2020, Plaintiff accessed Defendant's webpage (https://secure.unitedrevenue.com/cgi-bin/dbaccess2/login.cgi) ("Defendant's portal") in an effort to view the precise amount of the subject debt.

---

[1] http://www.unitedrev.com/about.html

10. Upon inputting his information, Defendant's portal listed two accounts owed to *Texas Medicine Resources – Alliance* ("TMR"), in the amounts of $112.95 (account number ending in -5933) and $56.47 (account number ending in -5936).

11. Plaintiff did not recall owing two different debts to TMR, so he clicked into the account number ending in -5936, and much to his surprise, Plaintiff was informed, in bold blue letters, that Defendant had reported the -5936 account as a collection account to Experian, a credit reporting agency, on October 9, 2020, as seen below:

```
Creditor: TEXAS MEDICINE RESOURCES - ALLIANCE
Patient Name: ANTHONY SPIGNER              Account No: 9915936
Guarantor: ANTHONY SPIGNER
Date of Service: 05-20-2019                Original Account No.: 6431139
Amount Placed for Collection: $ 56.47      Current Balance: $ 56.47

This account represents the unpaid portion of the Emergency Department Physician fee for
services provided in the emergency room on 05-20-2019.

Update Sent to Experian: REPORTED 10-09-2020 AS A COLLECTION ACCOUNT
** INQUIRE HOW PAYMENT CAN REMOVE THE REPORT **

   [ePay With A Check (ACH)]                [ePay With A Credit Card]
   All Checks(ACH) are securely processed by
   Educational Computer Systems on behalf of
         United Revenue Corporation


Other Associated Accounts (Click to View):

   TEXAS MEDICINE RESOURCES - ALLIANCE     Account No. 9915933     $ 112.95

Total Of These Accounts: $ 169.42
```

12. Plaintiff was taken aback by the language on Defendant's portal, as he was unaware as to the additional account and the fact that it was being reported on his credit.

13. As a result, Plaintiff accessed his Experian credit report, and his confusion was only exacerbated, as nowhere on his credit report was the -5936 account listed. Rather, Defendant was only reporting the account number ending in -5933 in the amount of $112, as seen below:

| Account name | Account number | Recent balance | Date opened | Status |
|---|---|---|---|---|
| UNITED REVENUE CORP | 9915933 | $112 as of 10/09/2020 | 10/2019 | Collection account. $112 past due as of Oct 2020. |
| 204 BILLINGS ST STE 120 ARLINGTON, TX 76010 817 640 4477 | Type Collection | Credit limit or original amount $112 | Date of status 10/2019 | |
| Address identification number 0471647467 | Terms 1 Months | High balance $0 | First reported 02/2020 | |
| | On record until Apr 2026 | Monthly payment $0 | Responsibility Individual | |
| Original creditor TEXAS MEDICINE RESOURCES | | Recent payment amount $0 | | |

14. Accordingly, the information set forth in Defendant's portal was in direct contradiction with the information on Plaintiff's Experian credit report.

15. Confused and concerned after receiving the contradictory statements from Defendant, Plaintiff spoke to his attorneys for assistance and clarification regarding his rights.

16. Plaintiff was misled by Defendant's collection actions.

17. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will continue to attempt to collect payment from him by making contradictory statements and ultimately cause unwarranted harm to his credit or otherwise harm him economically.

18. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will continue to use unlawful methods and/or means in its attempts to collect the Subject Debts from him.

19. As a result of Defendant's conduct, Plaintiff was forced to hire counsel and his damages therefore include reasonable attorneys' fees incurred in prosecuting this claim.

20. After a reasonable time to conduct discovery, Plaintiff believes he can prove that all actions taken by Defendant as described in this complaint were taken willfully and/or with knowledge that its actions were taken in violation of the law.

21. As a result of Defendant's conduct, Plaintiff is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other debt collection agencies from engaging in the unlawful collection practices described in this complaint.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

22. Plaintiff repeats and realleges paragraphs 1 through 21 as though full set forth herein.

23. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

24. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

25. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. On its website and within its communications to consumers, Defendant identifies itself as a "debt collector" attempting to collect a "debt."

26. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a. **Violations of the FDCPA §§ 1692e and 1692f**

27. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

28. In addition, this section enumerates specific violations, such as:

>  (2) The false representation of -- (A) the character, amount, or legal status of any debt;
>
>  (5) The threat to take any action that cannot legally be taken or that is not intended to be taken;
>
>  (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.  15 U.S.C. §§ 1692e, e(2)(A) and e(10).

29. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

30. Defendant violated 15 U.S.C. §§ 1692e, e(2)(A), e(10), f and f(1) by making a contradictory and false statement on its portal that the account number ending in -5936 was reported to Plaintiff's Experian credit report, when in fact, it was not.  In doing so, Defendant used false, deceptive and/or misleading representations and/or unfair means in connection with its collection efforts on the subject debt.  Defendant's collection tactics were designed to instill an undue sense of urgency within Plaintiff.

31. Defendant knew, or should have known, that the statement made on its portal was blatantly false and meant to induce Plaintiff into making payment, despite the fact that Defendant did not report the account to Experian.

32. Such inconsistencies served only to confuse and intimidate Plaintiff with hopes that the misstatement would induce a payment.  Plaintiff was unable to adequately determine the character and legal status of the subject debt based upon Defendant's representations and/or omissions and was unable to adequately determine the potential legal consequences of making, or arranging to make, a payment on the subject debt.

33. As an experienced debt collector, Defendant knows that its representations to consumers concerning the legal status of an alleged debt owed, and the consumer's rights under

the FDCPA, and all statements made to consumers are required to be truthful, complete and accurate, and disclosed without any intent to mislead or deceive.

34. As set forth in paragraphs 15 through 21 above, Plaintiff has been harmed and has suffered damages as a result of Defendant's unlawful collection practices as described herein.

WHEREFORE, Plaintiff, ANTHONY SPIGNER, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

35. Plaintiff restates and realleges paragraphs 1 through 34 as though fully set forth herein.

36. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

37. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6).

38. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

a. **Violations of TDCA § 392.304**

39. The TDCA, pursuant to Tex. Fin. Code. § 392.304(19), prohibits a debt collector from "using any . . . false representation or deceptive means to collect a debt or obtain information concerning a consumer."

40. Defendant violated § 392.304(19), through the false and contradictory language it used on its portal. Defendant informed Plaintiff in capital bold letters, that a collection account was reported to Experian on a set date, when in fact, Defendant never reported that specific account to Experian.

41. Defendant used such deceptive and false representation in order to dragoon Plaintiff into making payments on the subject debt by creating a false sense of urgency.

WHEREFORE, Plaintiff, ANTHONY SPIGNER, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b); and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

DATED this 19th day of October, 2020.                Respectfully Submitted,

                                                     /s/ Taxiarchis Hatzidimitriadis
                                                     Taxiarchis Hatzidimitriadis #6319225
                                                     CONSUMER LAW PARTNERS, LLC
                                                     333 N. Michigan Ave., Suite 1300

Chicago, Illinois 60601
(267) 422-1000 (phone)
(267) 422-2000 (fax)
teddy@consumerlawpartners.com

*Counsel for Plaintiff, Anthony Spigner*